UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| LUTHER MARTIN HEATER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 13-80-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL SEPANEK, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Luther Martin Heater is an inmate confined in the Federal Correctional Institution located in Morgantown, West Virginia.[1] Proceeding without counsel, Heater has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the manner in which the Bureau of Prisons ("BOP") has calculated his federal sentence. [D. E. No. 1] Heater contends that the BOP erroneously refuses to credit his federal sentence with 205 days (approximately 6 and ½ months) of prior custody credit.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C.

---

[1] When Heater filed this § 2241 proceeding, he was confined in the FCI- Ashland, located in Ashland, Kentucky. Heater's subsequent transfer to FCI-Morgantown did not deprive this Court of jurisdiction over his § 2241 petition. *White v. Lamanna*, 42 F. App'x. 670, 671 (6th Cir. 2002).

§ 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Heater's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Heater's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the § 2241 petition, the Court must deny it because Heater has not set forth grounds entitling him to the credit he seeks on his federal sentence.

## BACKGROUND

The following is a chronological summary of Heater's state and federal convictions, based upon Heater's § 2241 petition, the attachments thereto, and information obtained from the federal court's PACER online database.

**October 13, 2010**: The Circuit Court of Upshur County, West Virginia sentenced Heater to a three-year prison term as punishment for being convicted of a third DUI offense, but it allowed Heater to satisfy that sentence by serving 30 days in jail and the remainder of the term under home confinement (hereafter referred to

2

as "the State Sentence").

**February 15, 2011**: A federal grand jury in West Virginia handed down an indictment charging Heater with conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C); maintaining a drug involved premises in violation of 21 U.S.C. § 856 (a) (2); and possession of materials used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 843 (a)(6) and (d) (2). *United States v. Luther Martin Heater*, No. 2:11-CR-6-JPB-JSK (N.D. W. Va. 2011) [D. E. No. 5, therein]

**March 25, 2011**: Heather pleaded guilty in the federal proceeding to maintaining a drug involved premises in violation of 21 U.S.C. § 856 (a) (2), and entered into Plea Agreement with the United States. [D. E. Nos. 30-32, therein]

**May 26, 2011**: West Virginia state authorities arrested Heater for drinking alcohol while under home confinement, a violation of the terms of the State Sentence.

**June 13, 2011**: A writ of *habeas corpus ad prosequendum* was issued in the federal case to secure Heater's presence at his federal sentencing proceeding scheduled for June 21, 2013. [D. E. No. 41, therein]

**June 21, 2011**: Heater was sentenced in the federal proceeding to an 86-month prison term [D. E. No. 43, therein] (hereafter referred to as the "the Federal

Sentence").[2] The district court ordered that the Federal Sentence "...shall run consecutively to the defendant's imprisonment under any previous state or Federal sentence." [D. E. No. 45, therein, p. 2, "**Imprisonment**"] Heater was returned to the custody of West Virginia state authorities on this same day, with the federal Judgment lodged as a detainer.

**June 28, 2011**: The Circuit Court Upshur County, West Virginia, revoked the home confinement provision of the State Sentence; reinstated Heater's original 1-3 year term of imprisonment imposed in the State Sentence; ordered Heater to serve his reinstated sentence in the custody of the West Virginia Division of Corrections ("WVDOC"); ordered Heater's reinstated term to run concurrent with the Federal Sentence; and credited Heater with the time that he spent under home confinement.

**January 19, 2012**: Heater was paroled from the custody of West Virginia state authorities and came into federal custody to begin serving the Federal Sentence.

### HEATER'S CLAIMS SET FORTH IN § 2241 PETITION

Heater alleges that the BOP should treat the Federal Sentence as having begun on June 28, 2011, the day on which the Upshur County Circuit Court revoked his home confinement, reinstated that full three-year term of the State Sentence, and

---

[2]

The "Judgment in a Criminal case" was not entered of record in the federal proceeding until June 27, 2011. [D. E. No. 45, therein]

4

ordered the State Sentence to run concurrent with the Federal Sentence. Heater thus contends that the BOP should credit the Federal Sentence with the time he served in the custody of the WVDOC between June 28, 2011, and January 19, 2012, a period of 205 days (approximately 6 and ½ months).

Heater fully exhausted his claim through administrative remedy process set forth in 28 C.F.R. § 542.13 *et seq.*, but the BOP denied his remedy requests at all levels. *See* D. E. No. 1-5, p. 3 (Warden's denial of BP-9);D. E. No. 1-6, p. 3 (BOP Regional Office's denial of BP-10 appeal); and D. E. No. 1-7, pp. 3-5 (BOP Central Office's denial of BP-11 appeal).

In his February 4, 2013, denial of Heater's BP-11 appeal, Harrell Watts, Administrator of the National Inmate Appeals, explained that (1) pursuant to BOP Program Statement 5160.05, *Designation of State Institution for Service of Federal Sentence*, state authorities do not have the authority to effect the operation of a federal sentence; (2) pursuant to 18 U.S.C. § 3584 and § 3585(a), Heater's federal sentence commenced on January 19, 2012, the date on which he was released from his West Virginia state sentence and came into the exclusive custody of federal officials; and (3) both BOP Program Statement 5880.28 and 18 U.S.C. § 3585(b) prevent the BOP from crediting a prisoner's federal sentence with time that has been credited against another sentence. [*Id.*, p. 3]

Watts also explained that the BOP had considered whether it might be appropriate to credit Heater's federal sentence with time he served in state custody between June 28, 2011, and January 19, 2012, by retroactively designating the West Virginia prison as his "place of confinement" under 18 U.S.C. § 3621(b) pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990) as implemented by Program Statement 5160.05. Watts stated that the BOP considered the § 3621(b) factors, and determined that such a designation was not warranted. In doing so, the BOP noted that Heater's federal conviction was for Maintaining Drug-Involved Premises; that Heater' state offense was a third conviction for driving under the influence; that Heater had an extensive criminal history; and that when the BOP contacted the judge who imposed the Federal Sentence to determine if a retroactive designation would be appropriate, the federal judge responded that he "...probably would have run the sentence consecutively in the absence of an agreement to the contrary." [*Id.*, p. 4]

The BOP did grant Heater one day of pre-sentence credit, for March 3, 2011, under 18 U.S.C. § 3585(b). Heater filed this § 2241 proceeding on June 14, 2013.

## DISCUSSION

The BOP has correctly refused to credit Heater's sentence with the 205 days of pre-sentence time which he served in state custody. Under 18 U.S.C. §3585(a), a federal sentence for a term of imprisonment begins on the date the defendant is

received into official federal custody, which in this case was January 19, 2012, the day on which Heater completed service of the State Sentence and which he was turned over to federal authorities to begin serving the Federal Sentence. Heater argues that because the Upshur County Circuit Court ordered the State Sentence to run concurrent with any federal sentence, he effectively began serving his federal sentence on June 28, 2011, the date on which the State Sentence was reinstated. In other words, Banks essentially contends that the BOP should treat the Federal Sentence as running concurrent with the State Sentence.

Heater's argument ignores several facts. First, as the BOP correctly explained, a state court judge has no authority to dictate how a previously imposed federal sentence should be served, either consecutively to or concurrently with a subsequently imposed state sentence. Second, the Criminal Judgment entered in Heater's federal case specifically ordered that the Federal Sentence was to run "...consecutively to the defendant's imprisonment to any previous state or Federal sentence." [D. E. No. 1-1, p. 2]

Third, the BOP did not abuse its discretion when it refused to credit Heater's federal sentence with time he spent in state custody between June 28, 2011, and January 19, 2012, through a retroactive "place of confinement" designation under *Barden*. In *Barden*, the Third Circuit held that § 3621(b) authorizes the BOP to

7

retroactively designate a state prison as the place where a federal defendant will serve his or her sentence. The practical effect of such a designation is to grant the federal prisoner credit against his or her federal sentence for all of the time spent in state custody, in effect serving the two sentences concurrently. *Barden*, 921 F.2d at 480.

A district court reviews the BOP's determination on this issue only for an abuse of discretion. *Eccleston v. United States*, 390 F. App'x 62, 64 (3d Cir. 2010); *Taylor v. Eichenlaub*, No. 2:08-CV-13418, 2009 WL 2849131, at *5 (E.D. Mich. Sept. 1, 2009). In this case, the Central Office's response to Heater's BP-11 appeal establishes that the BOP considered the appropriate factors under § 3621(b) and determined that such a designation was not appropriate. [D. E. No. 1-7, pp. 3-5] "[T]he test is not whether a reviewing court would weigh the factors differently. The writ may issue only where an error is fundamental and carries a serious potential for a miscarriage of justice." *Eccleston*, 390 F. App'x 62 at 64–65; *Everett v. Ives*, No. 6:11-CV-180-HRW, 2012 WL 2179097, at *3 (E.D. Ky. June 13, 2012). Here, the BOP has considered the relevant factors in a manner not patently inconsistent with the statute, no abuse of discretion results. *See Dunlap v. Ives*, No. 11-CV-271-GFVT, 2012 WL 1711379, at *2, (E.D. Ky. May 15, 2012); *Cunningham v. Wilson*, No. 10-CV-234-GFVT, 2011 WL 2472550, at *5 (E.D. Ky. June 22, 2011); *Wallace v. Stine*, No. 08-CV-287-GFVT, 2009 WL 2026385, at *5–6 (E.D. Ky. July 9, 2009).

Fourth, the BOP properly concluded that Heater was not entitled to credit against his federal sentence for the time which he served in state custody between June 28, 2011 to January 19, 2012, because the WVDOC had credited this same time against the State Sentence (originally imposed on October 13, 2010, and reinstated for full term service on June 28, 2011), and 18 U.S.C. § 3585(b) expressly forbids "double counting" that time by also crediting it against a federal sentence.[3] *United States v. Wilson*, 503 U.S. 329, 337 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993) (per curiam); *Broadwater v. Sanders*, 59 F. App'x 112, 113–14 (6th Cir. 2003). The BOP correctly explained this fact in its February 4, 2013, response to Heater's BP-11 appeal.

Fifth and finally, the State of West Virginia was entitled to require Heater to fully serve the State Sentence prior to turning him over to federal authorities. When

---

[3]
Title 18 U.S.C. § 3585(b) provides:

(B) **Credit for prior custody.**-A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**that has not been credited against another sentence.**

18 U.S.C. § 3585(b) (emphasis added).

an individual violates the criminal laws of two or more sovereigns, the first sovereign to arrest the defendant obtains "primary custody" over him, and is entitled to require the defendant to serve his criminal sentence imposed by it first. *Ponzi v. Fessenden*, 258 U.S. 254 (1922). Primary custody remains until the sovereign expressly relinquishes control over the person. *Bowman v. Wilson*, 672 F.2d 1145, 1153–54 (3d Cir. 1982). In this case, West Virginia was the first sovereign to arrest Heater and accordingly, it obtained primary custody over him until January 19, 2012, the date on which Heater completed service of the State Sentence.

The fact that Heater was in federal custody pursuant to a writ of *habeas corpus ad prosequendum* during June 2011 did not change his custody status. That writ is only a mechanism whereby a state prisoner is "borrowed" by federal authorities and placed secondarily in federal custody; until January 19, 2012, the State of West Virginia retained "primary" jurisdiction over Heater. *See Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. September 27, 2000) (Table). Federal authorities did not obtain primary and exclusive jurisdiction over Heater until January 19, 2012, the date on which he completed service of the State Sentence and the date on which West Virginia authorities released him to the primary custody of federal officials.

The Court will therefore deny Heater's petition because the BOP has correctly calculated the term of federal sentence. Heater is not entitled to the sentencing credit

which he seeks in this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Luther Martin Heater's 28 U.S. C. § 2241 petition for a writ of habeas corpus [D. E. No. 1], is **DENIED.**

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the docket.

This November 25, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge